UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE VASQUEZ, individually and on behalf of all others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | MAGISTRATE: |
| ROYAL CATERING, INC. | * | Jury Trial requested |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Jose Vasquez, individually and on behalf of all other similarly situated current and former hourly employees employed by Defendant within the last three years ("Collective Members"), brings this Collective Action for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq* ("FLSA") and alleges as follows:

### JURISDICTION AND VENUE

1. This Court is vested with subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA.

2. This Court has personal jurisdiction over Defendant, as Defendant conducts business within the Northern District of Texas and Defendant's principal office address, as registered with the Texas Secretary of State, is 800 S. Central Expressway, Richardson, Texas 75080.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as Defendant is domiciled within this District and, under 28 U.S.C. §1391(b)(2), a substantial part of the events giving rise to the claims sued upon herein occurred within this District.

## PARTIES

**Plaintiff**

4.     Plaintiff Jose Vasquez is a major, individual, domiciled in Dallas County, Texas. Plaintiff was employed by Defendant as a cook who was paid by the hour from 2006 to November 9, 2021.

5.     Pursuant to 29 U.S.C. §216(b), Plaintiff Jose Vasquez consents in writing to be a party to this FLSA action. His consent form is attached hereto as Exhibit "A."

**Defendant**

6.     Defendant ROYAL CATERING, INC. ("ROYAL CATERING"), is a domestic corporation, domiciled at 800 S. Central Expressway, Richardson, Texas 75080, and can be served through its registered agent, Alan Sweitzer, 800 S. Central Expressway, Richardson, Texas 75080.

## COVERAGE UNDER THE FLSA

7.     At all relevevant times, ROYAL CATERING was and is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

8.     At all relevant times, ROYAL CATERING was and is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §201(r).

9.     At all relevant times, ROYAL CATERING was and is an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

10.    At all relevant times, ROYAL CATERING has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excised taxes at the retail level which are separately stated).

11. At all relevant times, Plaintiff and the Collective Members are and were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

12. ROYAL CATERING, Plaintiff and the Collective Members used cell phones, computers, supplies and other materials that were manufactured or sold in other states, ordered materials and supplies by mail, phone or fax from outside the state of Texas, accepted checks and credit cards from customers as payment for services that were processed through interstate banks and financial institutions, and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

## FACTS

13. ROYAL CATERING is food service catering company that provides meals for business meetings, office events, company picnics and school, church, social and non-profit events.

14. ROYAL CATERING employs chefs, cooks, food preparers, servers and other employees, including Plaintiff, who are paid on an hourly basis.

15. ROYAL CATERING has suffered, required and permitted Plaintiff and the Collective Members to regularly work in excess of forty (40) hours in a workweek.

16. For example, for the pay period from March 25, 2021 to April 7, 2021, Plaintiff worked 120.83 hours and was paid $1,691.62, which is an hourly rate of $14 per hour. Plaintiff was not paid an overtime premium for all hours over forty (40) in these workweeks.

17. As a further example, for the pay period from May 6, 2021 to May 19, 2021, Plaintiff worked 130.57 hours and was paid $1,827.98, which is an hourly rate of $14 per hour. Plaintiff was not paid an overtime premium for all hours over forty (40) in these workweeks.

18. Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek.

19. Plaintiff and the Collective Members frequently worked fourteen (14) to fifteen (15) hours per day for multiple consecutive days.

20. Plaintiff's work schedule is typical of the work schedules of the Collective Members.

21. ROYAL CATERING has failed to meet its obligation of paying Plaintiff and the Collective Members an overtime premium for all hours worked over forty (40) in a workweek.

22. Plaintiff and the Collective Members' primary job duties consisted of preparing and serving food which involved manual labor.

23. Plaintiff and the Collective Members did not perform any job duties or functions that qualified for any exemption from the overtime requirements of the FLSA.

24. While the precise duties of Plaintiff and Collective Members may vary somewhat, any variations are immaterial and will not impact issuing notice and proceeding collectively for purposes of determining their status as entitled to overtime for hours worked in excess of forty (40) in a workweek under the FLSA.

25. ROYAL CATERING knew or should have known that Plaintiff and the Collective Members were not exempt from the overtime requirements of the FLSA.

26. ROYAL CATERING knew or should have known that Plaintiff and the Collective Members worked more than forty (40) hours in a workweek.

27. ROYAL CATERING knew or should have known that Plaintiff and the Collective Members were entitled to but were not paid overtime for all hours worked over forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this Complaint pursuant to §216(b) of the FLSA as a Collective Action on behalf of the following putative Collective Members:

> All hourly employees employed by ROYAL CATERING, INC. who worked over forty (40) hours in a workweek within the last three (3) years and who were not paid overtime at the rate of one and one-half times their regular rate of pay.

29. Plaintiff and the Collective Members are all similarly situated for purposes of notice under §216(b).

30. Plaintiff and the Collective Members all have the same basic job description and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

31. ROYAL CATERING's violation of the overtime requirements of the FLSA is based on the same aspect of Plaintiff's and the Collective Members' jobs in that Plaintiff and the Collective Members all perform non-exempt job duties and they are paid pursuant to ROYAL CATERING's illegal payroll policy which did not pay them overtime.

32. Plaintiff and the Collective Members are all similarly situated as they all have similar non-exempt job descriptions and there are no demonstratable difference in work experiences applicable to any Collective Member that is relevant for determining the Collective Members' entitlement to overtime under the FLSA.

33. Whether ROYAL CATERING violated the FLSA by failing to pay Plaintiff and the Collective Members as FLSA overtime is a threshold legal issue which can be determined for Plaintiff and Collective Members using representative testimony in a collective action.

34. ROYAL CATERING's practice of not paying Plaintiff and Collective Members overtime is based on an established company-wide policy that was applied to Plaintiff and all Collective Members.

35. Plaintiff is aware of other hourly employees who were subject to Defendant's illegal payroll policy who, if given notice of this collective action, desire to opt in and participate in this proceeding.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*

36. At all relevant times, ROYAL CATERING has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

37. ROYAL CATERING employed Plaintiff and the Collective members.

38. ROYAL CATERING's pay policy violated the FLSA by failing to pay Plaintiff and the Collective Members overtime as required by the FLSA.

39. ROYAL CATERING failed to pay Plaintiff and the Collective Members overtime at rates not less than 1.5 times their regular rate which violated 29 U.S.C. §207.

40. ROYAL CATERING's conduct, as described above, constitutes a knowing and willful violation of the FLSA.

41. ROYAL CATERING's conduct, as described above, constitutes a bad faith violation of the FLSA.

42. Due to ROYAL CATERING's FLSA willful and bad faith violations, Plaintiff and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorney fees, costs and interest.

43. Plaintiff requests trial by jury on all issues raised herein.

## **PRAYER**

**WHEREFORE**, Plaintiff, Jose Vasquez, prays for relief as follows:

a. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

b. For an Order designating this proceeding as a Collective Action and authorizing notice pursuant to 29 U.S.C. §216(b) to the Collective Members allowing them to join this action by filing a written Notice of Consent;

c. For Judgment in favor of Plaintiff and the Collective Members, and against ROYAL CATERING, INC., determining that they are eligible for overtime and awarding all unpaid overtime compensation, liquidated damages, attorneys' fees and costs allowed under the FLSA;

d. Pre- and Post-Judgment interest as allowed by law; and

e. All such other and further relief to which Plaintiff and the Collective Members may be entitled.

Respectfully Submitted:

By: */s/ Philip Bohrer*
Philip Bohrer (TX Bar 00792194)
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
(225) 925-5297 Phone
(225) 231-7000 Fax

-and-

By: _/s/ Jay Ellwanger_
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
ELLWANGER LAW LLLP
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile: (469) 998-6775